IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN MICHAEL SCHEER,** | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:21-cv-01571 |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| **ORLANDO HARPER,** *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANUDM ORDER

Currently pending before the Court is a Motion to Stay the Petition for Writ of Habeas Corpus that was filed by Respondents on February 8, 2022.[1] (ECF No. 18.) Respondents maintain that, pursuant to Rhines v. Weber, 544 U.S. 269 (2005),[2] the Petition should be stayed because Petitioner has filed a petition for post-conviction relief in his underlying criminal case that is currently pending in state

---

[1] The Petition in this case challenges Petitioner's judgment of sentence at CP-02-CR-0012731-2009 ("2009 criminal case"). Petitioner has also filed another Petition at case number 2:21-cv-01570 that challenges his judgment of sentence at CP-02-CR-0010087-2010 ("2010 criminal case"). However, Petitioner is on notice, as he appears to be confused on this point, that case number 2:21-cv-01570 was closed by Order dated January 3, 2022, due to his failure to pay the $5.00 filing fee or request leave to proceed in forma pauperis. If Petitioner wishes to proceed with his Petition filed at 2:21-cv-01570, then he should submit the $5.00 filing fee or file a motion for leave to proceed in forma pauperis. As the Petition in this case concerns only Petitioner's judgment of sentence in his 2009 criminal case, this Order will be directed only at that case and NOT his 2010 criminal case.

[2] The United States Supreme Court held in Rhines that district courts have discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition.

1

court.[3] Petitioner has filed a response opposing the Respondents' Motion to Stay, arguing, in relevant part, that the petitions he has filed in his underlying criminal case (the 2009 criminal case) have been pending for a significant period of time and that there has been an inordinate delay by the state court in ruling on them. Thus, it appears that Petitioner wishes for this Court to proceed with his Petition and excuse exhaustion of his claims because of the existence of an "inordinate delay" by the state court. *See* Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986) ("[I]nexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable. When such delay has rendered the State remedy ineffective to protect the rights of the petitioner, we have excused exhaustion.") Petitioner also argues, although such argument is without any factual support, that without this Court's intervention the state court will cause irreparable harm because it is no longer impartial. (ECF No. 20.)

From a quick review of case law, it appears that the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement is thirty-three months in Wojtczak. The delay here is not yet 20 months, and this Court is observant that the country has been in a pandemic during the entirety of the time that Petitioner's post-conviction matters have been pending in the state court. Thus, this would not be a basis to excuse the exhaustion requirement if this case were to go forward. Furthermore, the docket sheet for Petitioner's 2009 criminal case indicates that since the filing of Petitioner's response in opposition to the current Motion to Stay, new counsel has been appointed for him and counsel has been granted an extension of time to amend Petitioner's pro se post-conviction

---

[3] The docket sheet for Petitioner's 2009 criminal case indicates that what Petitioner actually filed was a Motion to Lift Detainer that was docketed on August 27, 2020, and a Petition for Habeas Corpus Ad Subjiciendum that was docketed on September 11, 2020.

petitions. As such, there has been movement toward a resolution. For these reasons, and because of our interest in comity and respect for state courts, the Court finds that there is good cause to exercise its discretion to stay consideration of the Petition in this case pending exhaustion of Petitioner's state court remedies. Accordingly, this 8th day of April, 2022,

**IT IS HEREBY ORDERED** that Respondents' Motion to Stay (ECF No. 18) is **GRANTED.**

**IT IS FURTHER ORDERED** the consideration of the Petition is stayed and that the Clerk of Court is directed to administratively close this case.

**AND IT IS FURTHER ORDERED** that, in the event Petitioner does not get the relief he seeks in state court, he shall file a motion to lift the stay and reopen this case within thirty (30) days of the conclusion of the state court proceedings.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Counsel of record
*(Via CM/ECF electronic mail)*

Justin Michael Scheer
217 Saint Joseph St.
Apt. B
Pittsburgh, PA  15210
*(Via First Class U.S. Mail)*